Nicholson, C. J.,
delivered the opinion of the Court.
*788 At the last term of this Court, an alias peremptory mandamus was ordered to issue to the Justices of the County Court of Scott county, requiring them to levy and collect a tax for the purpose of satisfying a judgment recovered against them by the plaintiff, for the sum of $3,100. The writ, for some reason not exjdained, was not issued in pursuance to the order of the Court A motion is now made, asking the Court to revive the order made at the last term, and that an alias peremptory mandamus be now ordered. The motion is based upon an affidavit of the plaintiff, in which he states that in 1859 the defendants paid the sum of $1,866 on the claim for $3,100 — leaving, including interest, the sum of $2,225, due and unpaid — and he asks the Court for the mandamus, to have this amount levied and collected by defendants.
Defendants appear and resist the motion, and produce several receipts of plaintiff's attorneys, and an affidavit of the loss of another receipt of plaintiff's attorneys, for payments made in 1860 on said claim of $3,100, amounting to about $1,866; and insisting that these payments added to the payments admitted in the affidavit of plaintiff to have been made in 1859, show that the entire claim of $3,100 has been paid, and that, therefore, the motion of plaintiff ought not to be allowed.
Plaintiff's attorney suggests that the receipts relied on by defendants are the same admitted by plaintiff in his affidavit, and that in his affidavit he was inadvertently giving the year 1859, instead of 1860, as the date of the payments, and, therefore, he insists that $2,223 is still due. It thus appears that an issue of fact as to the *789 amount of the payments made, and the time when made, is presented for our determination, which issue, as the facts are now presented, we áre unable to determine. Plaintiff is entitled to have an alias mandamus as a matter of right, unless this Court has the power to determine the fact as to the alleged payments, and shall find the facts in favor of defendants.
It is suggested for our consideration, whether, as our jurisdiction is only appellate, we can legally inquire into and determine the issue of fact presented. For wise reasons, the Constitution of the State has provided that the jurisdiction of this Court shall be appellate only, under such restrictions and regulations as may, from time to time, be prescribed by law. The Legislature has enacted no law expressly prescribing restrictions or regulations, governing the exercise of our jurisdiction, in such a case as is now presented.
It was in the proper exercise of its appellate jurisdiction, that this Court determined that plaintiff was entitled to the writ of peremptory mandamus. It was the judgment of this Court, upon an appeal from the Circuit Court of Scott county, that plaintiff was entitled to the enforcement of his claim by the process of mandamus. The enforcement of this writ is clearly within the power of the Court. Our power to order the issuance of an alias writ, upon satisfactory evidence that the former writ has not been executed, is unquestioned. If we have the power, then, it seems to follow, as a necessary consequence, that we have the power, when application is made for an alias writ, to inquire whether the former writ has been executed or not. If we had good reason *790 to believe that the former writ had been executed, and the claim satisfied, we might do irreparable wrong and injury by ordering an alias, in the face of facts tending to show that no debt is really due from the defendants. We do not mean to be understood as indicating any impression as to the alleged payments iii the present case. We are assuming a state of facts, simply by way of ascertaining our powers in the matter before us. If we should order an alias mandamus, under the circumstances of this case, it is by no means certain that any judicial tribunal could give the defendant relief, even if they should be able clearly to prove that the whole debt, or any part of it, has been paid.
Whilst we concede that our jurisdiction cannot be rested upon such considerations of injury or inconvenience, we see, in these considerations, strong reasons for acting with cautious deliberation in a matter of so much consequence, that we may do no injustice to either party. It is well settled, that, in the exercise of the acknowledged jurisdiction of this Court, we have the right to adopt all the rules and orders necessary and ‘proper for carrying out and enforcing our judgments. This power is necessarily inherent in the Court, and without it the Court could not exercise and enforce, effectually, its legitimate jurisdiction. Of course, this power could not be legally exercised in contravention of any constitutional provision, or of any legislative act for the restriction or regulation of our appellate jurisdiction. It is provided by the Code, 4503, that the Supreme Court may issue all writs and process necessary for the exercise and enforcement of its jurisdiction; and, by section 4504, it may *791 make rules of practice for the better disposal of business before it; and, by section 4500, the Court may order a jury to be summoned forthwith, to determine an issue of fact upon the return of a scire faeias issuing out of said court. Judgment, on motion, may be rendered in this court against Sheriffs, for failure of duty as to the return of process issuing from the Court. And it has been held by this Court, that, if a judgment by motion be taken here against a Sheriff, for failure to make return of an execution, and the judgment is taken without no” tice, a Chancery Court may enjoin such judgment, if it is made to appear that the money on the execution had been paid over before the judgment was rendered. Smith v. Vanbebber, 1 Swan, 110.
But suppose, in that case, the Sheriff had appeared and resisted the motion, on the ground that he had paid over the money, is it a matter to be doubted, that the Court would have power to determine the issue of fact as to the judgment? "We think it clear, that, in a case like that, and in all cases where it becomes necessary, in the exercise of its jurisdiction, to the proper enforcement of the orders, judgments or decrees of the Court, that facts should be ascertained, the Court has the power, as a necessary incident to its organization as a court, and under the provisions of the Code, as to the enforcement of its judgments and the adoption of rules of practice, to have such facts ascertained, either by ordering a jury to be summoned, or by referring the matter to its Clerk for taking proof and making a report, as the circumstances of each case may indicate.
*792 Being satisfied that we have the power, and that the motion now before us can not be properly determined without an ascertainment of the fact, whether any, and if any, how much, has been paid on the claim of plaintiff, we refer the matter to the Clerk of this Court, with directions to take proof, and report as to the alleged payments, and that he make his report to the present term, if practicable; if not, to the next term, until the coming in of which report the motion ia continued.